THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ALFWEAR, INC., <br><br>            Plaintiff/Counter Defendant, <br><br> v. <br><br> IBKUL CORP., a Florida corporation; and IBCOOL INC., a Florida corporation, <br><br>         Defendants/Counter Claimants. | **MEMORANDUM DECISION AND ORDER GRANTING [71] PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIM** <br><br> Case No. 2:21-cv-00698-DBB-JCB <br><br> District Judge David Barlow |

The matter before the court is Plaintiff Alfwear, Inc.'s ("Alfwear") Motion to Dismiss[1] Defendants IBKUL Corp. and IBCOOL Inc.'s (collectively "Defendants") Amended Counterclaim.[2] After having fully considered the briefing and relevant law, the court finds oral argument unnecessary.[3] For the reasons below, the court grants Alfwear's motion.

## BACKGROUND

Alfwear sells clothing and other products bearing the mark "KÜHL."[4] Defendants sell products with the mark "IBKÜL."[5] On February 8, 2011, Alfwear registered the KÜHL mark with the United States Patent and Trademark Office ("USPTO" or "Patent Office").[6]

---

[1] Mot. to Dismiss Defs. Am. Countercl. ("MTD"), ECF No. 71, filed Dec. 29, 2022.
[2] Am. Countercl., ECF No. 68, filed Dec. 2, 2022.
[3] *See* DUCivR 7-1(g).
[4] Am. Compl. ¶ 59, ECF No. 28, filed Mar. 28, 2022.
[5] *Id.* ¶¶ 69, 71.
[6] Am. Countercl. ¶ 22 (Reg. No. 3,916,866). Alfwear also registered six related marks: kühl, July 30, 1996 (Reg. No. 1,990,375); KUHL, Nov. 26, 2013 (Reg. No. 4,441,177); KUUL, July 21, 2015 (Reg. No. 4,777,532); KÜHLDRY, July 29, 2014 (Reg. No. 4,576,372); KUL, Sept. 16, 2003 (Reg. No. 2,765,230); ÜBERKÜHL, Jan. 21, 2014 (Reg. No. 4,468,589).

On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act").[7] The act gave the Under Secretary of Commerce for Intellectual Property and Director of the USPTO (the "Director") the authority to "toll, waive, adjust, or modify, any timing deadline established by . . . the Trademark Act . . . or regulations promulgated thereunder, in effect during such period, if the Director determines that the [COVID-19] emergency prevent[ed] applicants, registrants, patent owners, or others appearing before the Patent Office from filing a document or fee with the [office]."[8] The Director's authority under the CARES Act expired March 27, 2022.[9]

The Patent Office sent Alfwear's counsel, Trent Baker ("Mr. Baker"), a courtesy notice on February 8, 2020 regarding the "KÜHL" registration.[10] The notice directed Alfwear to file a Declaration of Use or Excusable Nonuse and a renewal application by February 8, 2021.[11] Alfwear could also pay a fee and file as late as August 9, 2021.[12] Between February 8, 2020 and August 9, 2021, Mr. Baker did not file renewal paperwork for the KÜHL mark. He instead submitted fifty other documents to the Patent Office, thirty-two on Alfwear's behalf.[13]

On August 10, 2021, the Patent Office cancelled Alfwear's registration for "KÜHL."[14] Alfwear filed a petition for excusal on September 11, 2021. It stated the "KÜHL" registration "was cancelled as a result of an unintentional error . . . . [Alfwear] just learned of this matter . . .

---

[7] Am. Countercl. ¶ 8; *see* Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), H.R. 748, 116th Cong. (2020).

[8] Am. Countercl. ¶¶ 9–10; CARES Act § 12004(a).

[9] Am. Countercl. ¶ 11; CARES Act § 12004(g).

[10] Am. Countercl. ¶ 23.

[11] *Id.*

[12] *Id.*

[13] *Id.* ¶ 24; *see* Chart of USPTO Filings, Ex. B, Am. Countercl. "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits . . . and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

[14] Am. Countercl. ¶ 25.

[and] has been continually using this mark and diligently managing multiple [Trademark Trial and Appeal Board] proceedings related to this mark. The error may have resulted from the COVID-19 emergency."[15]  Alfwear asked the Patent Office to reinstate the registration.[16]  At the same time, Alfwear applied for an identical "KÜHL" registration.[17]

The Patent Office responded on April 6, 2022. It noted "Petitioner ha[d] not sufficiently detailed how the COVID-19 outbreak personally impacted petitioner's ability to file a declaration of use or excusable nonuse by the statutory deadline."[18]  Additionally, the Patent Office said it needed information "detailing the specific impact the outbreak had on petitioner's business and ability to timely file a declaration . . . ."[19]

Alfwear filed a response on April 7, 2022, claiming:

> Covid-19 substantially impacted petitioner's ability to file a declaration of use by the statutory deadline. The impact included practitioner's health resulting from contracting Covid-19 multiple times during the statutory period. The impact included practitioner's inability to access files because of inability to access online files, emails, and docket during the statutory period. The impact included practitioner's and registrant's business cash-flow interruptions resulting from the registrant's retail distributors being closed during the statutory period.[20]

Alfwear also asserted the "mark was in use in commerce during the relevant filing period" and currently was in use.[21]  Eight days later, the Patent Office granted the petition and reinstated the registration.[22]  Affirming the Director's authority under the CARES Act, the USPTO noted that "the statutory deadline for filing a combined filing fell within the period of relief, and petitioner

---

[15] *Id.* ¶ 26 (emphasis removed).
[16] *Id.*
[17] *Id.* ¶ 27.
[18] *Id.* ¶ 30 (emphasis removed).
[19] *Id.*
[20] *Id.* ¶ 31.
[21] *Id.*
[22] *Id.* ¶ 32.

declares that the delay in filing timely was due to the COVID-19 outbreak."[23]  The Patent Office found persuasive the argument that Alfwear's attorney "became sick with COVID-19 on multiple occasions and petitioner's business suffered significant losses resulting from its retail distributors being closed during the outbreak."[24]

Defendants filed an Amended Counterclaim against Alfwear on December 2, 2022.[25] They seek declaratory judgment, cancellation of the KÜHL mark, and cancellation or modification of six related marks.[26]  On December 29, 2022, Alfwear moved to dismiss the Amended Counterclaim.[27]  Defendants responded on February 9, 2023.[28]  Alfwear filed a reply on February 23, 2023.[29]

## STANDARD

For a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to . . . the non-moving party."[30]  "In considering whether the complaint's allegations are sufficient, the court first eliminates conclusory allegations, mere 'labels and conclusions,' and any 'formulaic recitation of the elements of a cause of action.'"[31]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[32]  "A claim is plausible on its face 'when the plaintiff pleads factual content that

---

[23] *Id.*
[24] *Id.*
[25] *See id.*
[26] *Id.* ¶¶ 34, 47, 49.
[27] *See* MTD.
[28] *See* Opp'n to Pl. Mot. to Dismiss Defs. Am. Countercl. ("Opp'n"), ECF No. 73, filed Feb. 9, 2023.
[29] *See* Reply Mem. in Support of Mot. to Dismiss Defs. Am. Countercl. ("Reply"), ECF No. 74, filed Feb. 23, 2023.
[30] *Johnson v. Reyna*, 57 F.4th 769, 774 (10th Cir. 2023).
[31] *Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[32] *Shrum v. Cooke*, 60 F.4th 1304, 1311 (10th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[33]

## DISCUSSION

Alfwear moves to dismiss Defendants' three counterclaims for failure to state a claim. The court addresses each counterclaim in order.

### I.   Declaratory Judgment Regarding the CARES Act

Defendants' first counterclaim centers on the Director's authority under the CARES Act. Defendants seek a declaration that the Director exceeded his authority when he reinstated the "KÜHL" registration.[34]  Alfwear contends the Lanham Act does not provide grounds for a party to challenge the Patent Office's cancellation.[35]  Defendants do not contest this point.[36]  Instead, Defendants argue the Patent Office lacked authority to reinstate the cancelled registration.

In particular, Defendants plead the Patent Office cancelled the KÜHL mark on August 10, 2021 for failure to timely file renewal documentation.[37]  But, they argue, the Director's authority under the CARES Act expired on March 27, 2022.[38]  Defendants assert that by April 2022, the Director had "no authority to waive the deadline for filing" petitions for late-filed renewal applications.[39]  They further assert the Administrative Procedure Act ("APA") allows the court to "review, hold unlawful, and set aside" the Director's actions for exceeding its statutory bounds.[40]  Last, they contend the court can issue a declaratory judgment stating the Director

---

[33] *Johnson*, 57 F.4th at 774 (quoting *Iqbal*, 556 U.S. at 678).
[34] Am. Countercl. ¶ 34.
[35] MTD 7 (citing 15 U.S.C. § 1064).
[36] Opp'n 4, 12.
[37] Am Countercl. ¶ 25; *see* 15 U.S.C. § 1058.
[38] Opp'n 3; Am. Countercl. ¶ 11.
[39] Opp'n 6 (citing Trademark Manual of Examining Procedure §§ 1704, 1604.04 (July 2022)).
[40] *Id.* at 8 (quoting 5 U.S.C. § 706(2)(A), (C)).

exceeded his authority.[41]  Alfwear makes three points in response. It contends Defendants lack standing, Defendants fail to state an APA claim, and the CARES Act does not create a private right of action.

### A.   Defendants Have Not Adequately Pleaded Standing.

"Courts are required to consider the justiciability of a case . . . to ensure that a declaratory judgment is not an improper advisory opinion."[42]  "Article III of the Constitution limits the jurisdiction of the federal courts to 'Cases' and 'Controversies.'"[43]  The Supreme Court has "long understood th[is] constitutional phrase to require that a case embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions."[44]  To have constitutional standing, a party must show "[1] [it] has suffered a concrete and particularized injury [2] that is fairly traceable to the challenged conduct, [3] and is likely to be redressed by a favorable judicial decision."[45]

### 1.   Injury in Fact

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not

---

[41] *Id.* at 8–9 (citing 5 U.S.C. §§ 703, 706). Defendants also cite a Sixth Circuit case and an Eastern District of Texas case for the court's power to issue declaratory relief concerning the CARES Act. *Id.* at 9 (citing *Tiger Lily, LLC v. United States HUD*, 5 F.4th 666, 668 (6th Cir. 2021); *Terkel v. CDC*, 521 F. Supp. 3d 662, 676–77 (E.D. Tex. 2021)).

[42] *United Fin. Cas. Co. v. Schmidt*, No. 12-0867, 2013 WL 12246640, at *2 (D.N.M. May 1, 2013) (citing *Moongate Water Co. v. Doña Ana Mut. Domestic Water Consumers Ass'n*, 420 F.3d 1082, 1088 (10th Cir. 2005).

[43] *Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*, 21 F.4th 1229, 1241 (10th Cir. 2021) (quoting U.S. Const. art. III, § 2, cl. 1).

[44] *Carney v. Adams*, 141 S. Ct. 493, 498 (2020) (citing *Flast v. Cohen*, 392 U.S. 83, 96–97 (1968)).

[45] *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1160 (10th Cir. 2023) (quoting *Carney*, 141 S. Ct. at 498); *see Philadelphia Indem. Ins. v. Lexington Ins.*, 845 F.3d 1330, 1335 (10th Cir. 2017) ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007))).

conjectural or hypothetical.'"[46]  "[A] grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an 'injury in fact.'"[47]  "When . . . a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of someone else, much more is needed."[48]

Defendants offer insufficient facts as to how the Director's allegedly unlawful actions harmed them. They allege only that the USPTO's action affected Alfwear and unidentified "persons who would be injured by any late acceptance of any [Alfwear] declaration of use[.]"[49] But they have pleaded no facts as to how the Director's reinstatement of the KÜHL mark invaded *their* legally protected interest. Neither do Defendants plead facts showing how such invasion was a concrete, particularized, and actual injury. As such, they have failed to plead an injury in fact.

### 2.    Traceability and Redressability

Even assuming an injury, Defendants must show "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'"[50]  "[A]t the motion to dismiss stage, a plaintiff can satisfy the 'fairly traceable' requirement by advancing allegations which, if proven, allow for the conclusion that the challenged conduct is a 'but for' cause of the injury."[51]  The injury must also be

---

[46] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).
[47] *Id.* (citing *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013)).
[48] *Lujan*, 504 U.S. at 562.
[49] Am. Countercl. ¶ 34.
[50] *Lujan*, 504 U.S. at 560 (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41–42 (1976)).
[51] *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 814 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022) (quoting *Petrella v. Brownback*, 697 F.3d 1285, 1293 (10th Cir. 2012)).

"redressable—that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."[52] "A showing that the relief requested *might* redress the plaintiff's injuries is generally insufficient to satisfy the redressability requirement . . . ."[53]

For traceability, Defendants must demonstrate a connection between their purported injury and Alfwear's actions.[54] Yet Defendants do not explain how Alfwear's conduct is the "but for" cause. They merely allege the Director exceeded the authority granted by the CARES Act when he reinstated Alfwear's registration.[55] In other words, Defendants' suit centers on a third party's action. For this reason, the Amended Counterclaim does not meet the traceability requirement.

Defendants have also failed to show that the court can offer redress. Neither the Patent Office nor the Director are parties to the case. And Defendants have not plausibly alleged an injury to them stemming from the Director's conduct. "To avoid advisory opinions, the 'relief from the injury must be "likely" to follow from a favorable decision.'"[56] Defendants fail to explain how their counterclaim meets this standard.

Indeed, "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."[57] Defendants have not alleged a "sufficiently concrete interest in the outcome of the issue in dispute," a "close relation to the

---

[52] *Rocky Mountain Peace & Just. Ctr. v. U. S. Fish & Wildlife Serv.*, 40 F.4th 1133, 1152 (10th Cir. 2022) (cleaned up).
[53] *WildEarth Guardians v. Pub. Serv. Co. of Colo.*, 690 F.3d 1174, 1182 (10th Cir. 2012) (internal citation omitted).
[54] *See* Am. Countercl. ¶¶ 15–16, 32.
[55] *See id.* ¶¶ 16, 32.
[56] *Murphy v. Derwinski*, 990 F.2d 540, 543 (10th Cir. 1993) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014)).
[57] *Powers v. Ohio*, 499 U.S. 400, 410 (1991).

third party," or "some hindrance to the third party's ability to protect his or her own interests."[58] For these reasons, Defendants have not shown standing. The court accordingly lacks subject matter jurisdiction.

### B.   Defendants Have Not Pleaded a Valid APA Claim.

Alfwear contends Defendants cannot bring an APA action for two reasons. First, it argues Defendants do not identify a legal wrong they have allegedly suffered due to the Director's conduct.[59]  Second, it argues the APA limits suit to the United States, the Patent Office, or the Director—not a third party such as Alfwear.[60]  For their part, Defendants contend the APA permits the court to grant declaratory judgment under Section 706 of the APA.[61]

There is a "'strong presumption' in favor of judicial review . . . when [the court] interpret[s] statutes, including statutes that may limit or preclude review."[62]  "If a party believes the Patent Office has engaged in 'shenanigans' by exceeding its statutory bounds, judicial review remains available consistent with the [APA], which directs courts to set aside agency action 'not in accordance with law' or 'in excess of statutory jurisdiction, authority, or limitations.'"[63]

But a party must first qualify for APA review. "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."[64]  "The requirement that a party seeking review must allege facts showing that he is himself adversely affected . . . . serve[s] as at least a

---

[58] *Id.* (citations omitted).
[59] Reply 6 (citing 5 U.S.C. § 702).
[60] *Id.* at 6–7.
[61] Opp'n 8–9.
[62] *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 273 (2016) (quoting *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 486 (2015)).
[63] *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1359 (2018) (quoting *Lee*, 579 U.S. at 275; 5 U.S.C. § 706(2)(A), (C)).
[64] 5 U.S.C. § 702; *see Rocky Mountain Peace & Just. Ctr.*, 40 F.4th at 1142.

rough attempt to put the decision as to whether review will be sought in the hands of those who have a direct stake in the outcome."[65] Defendants have not pleaded facts showing how they suffered a legal wrong or were "adversely affected or aggrieved" by agency action. They allege only that the Director usurped his authority when he reinstated Alfwear's cancelled registration.[66] Defendants' reliance on the APA is misplaced. The APA "in no way expands the concept of standing; [Defendants] still must show that they are 'aggrieved' by the agency action before they can obtain judicial review."[67] They have not done so.

Defendants must also sue the proper entity. "If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer."[68] Yet Defendants have not named as a party the Patent Office, the Director, or the United States. Neither have they pleaded sufficient facts showing the applicability of a special statutory review proceeding.

Finally, the Amended Counterclaim nowhere indicates that it is seeking to state a claim under the APA at all. Defendants only invoke the APA in their opposition to Alfwear's motion to dismiss. An argument in a brief is not a substitute for proper pleading.[69] Consequently, Defendants' APA claim founders.

---

[65] *Sierra Club v. Morton*, 405 U.S. 727, 740 (1972).
[66] Am. Countercl. ¶¶ 15, 32.
[67] *Evans v. Lynn*, 376 F. Supp. 327, 333 n.8 (S.D.N.Y. 1974), *rev'd on other grounds*, 537 F.2d 571 (2d Cir. 1975).
[68] 5 U.S.C. § 703.
[69] *See Horton v. Garland*, No. 22-6193, 2023 WL 3161799, at *1 (10th Cir. May 1, 2023) (unpublished) ("[T]he district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint. Therefore, extraneous arguments in a[] . . . brief may not be relied upon to circumvent pleading defects." (citation omitted)).

**C.  Defendants Have Not Pleaded the CARES Act Provides a Private Right of Action.**

Defendants also argue the court can interpret the CARES Act in their favor and issue a declaratory judgment. In response, Alfwear contends the CARES Act provides no private right of action and Defendants lack Article III standing to seek enforcement.

"In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[70] Even so, "[t]he Declaratory Judgment Act does not provide a cause of action when a party . . . lacks a cause of action under a separate statute and seeks to use the Act to obtain affirmative relief."[71] "[T]he courts are not free to create a private right of action when neither legislative history nor the statutory scheme creates an inference that Congress intended to confer a private remedy."[72]

Defendants contend courts have previously issued declaratory judgments concerning the CARES Act. Yet neither of the cases cited by Defendants stand for the proposition that the CARES Act allows a private cause of action. The courts in *Tiger Lily, LLC v. United States HUD* and *Terkel v. Centers for Disease Control & Prevention* analyzed whether the Centers for Disease Control and Prevention ("CDC") exceeded its congressional mandate when it authorized a rent moratorium for COVID-19. In both cases, the respective plaintiffs sought declaratory

---

[70] 28 U.S.C. § 2201.
[71] *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022); *see Randel v. Parkland Homeowners Ass'n, Inc.*, No. 18-cv-00804, 2018 WL 5996860, at *3 (D. Colo. Nov. 15, 2018) ("Numerous federal courts, including in this Circuit, have determined that it would be improper to allow a plaintiff to proceed in a declaratory judgment action when a statute does not provide a private right of action.").
[72] *Long v. Salt River Valley Water Users' Ass'n*, 820 F.2d 284, 288 (9th Cir. 1987) (citing *Mass. Mut. Life Ins. v. Russell*, 473 U.S. 134, 145 (1985)).

relief.[73]  But neither court recognized a private cause of action under the CARES Act. *Tiger Lily* concerned the CDC's authority under the Public Health Act of 1944;[74]  *Terkel* dealt with the Commerce Clause.[75]  Here, Defendants' claim rests on the CARES Act. For this reason, Defendants have pleaded no private cause of action for the court to enforce Section 12004 with a declaratory judgment.

Besides, the Declaratory Judgment Act requires "a case of actual controversy."[76]  "[W]hat makes a declaratory judgment action a proper judicial resolution of a case or controversy rather than an advisory opinion is the settling of some dispute which affects the behavior of the defendant toward the plaintiff."[77]  As discussed earlier, Defendants have not pleaded "an injury-in-fact, connection between the challenged conduct and the injury, [or] redressability by the requested remedy."[78]  A bare claim that the Director exceeded his statutory authority regarding Alfwear, without more, does not create an actual controversy. The court thus dismisses the first cause of action for lack of subject matter jurisdiction and failure to state a claim.

## II.    Cancellation of the KÜHL Mark

Alfwear moves to dismiss Defendants' second counterclaim: cancellation of the KÜHL mark.[79]  It argues Defendants' allegations do not create a reasonable inference "Alfwear knowingly made material misrepresentations with the intent to deceive the USPTO."[80]  It next

---

[73] *Tiger Lily*, 5 F.4th at 668; *Terkel*, 521 F. Supp. 3d at 669.
[74] *See Tiger Lily*, 5 F.4th at 669, 672–73.
[75] *See Terkel*, 521 F. Supp. 3d at 669–76.
[76] 28 U.S.C. § 2201; *see Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1263 (10th Cir. 2022).
[77] *United States v. Muhtorov*, 20 F.4th 558, 610 n.30 (10th Cir. 2021), *cert. denied*, 143 S. Ct. 246 (2022) (quoting *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109–10 (10th Cir. 2010)).
[78] *AIDS Healthcare Found., Inc. v. Gilead Scis., Inc.*, 890 F.3d 986, 990 (Fed. Cir. 2018).
[79] Reg. No. 3,916,866.
[80] MTD 12–13 (citing *In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009)).

argues Defendants do not plead how Alfwear's statements to the Patent Office were material or made with the intent to deceive. Last, it contends Defendants offer no support for the proposition that a claim for fraud can rest on omissions. For their part, Defendants contend cancellation is proper because Alfwear allegedly sought to register the mark using fraudulent information and otherwise abandoned the mark.[81]  They argue the Amended Counterclaim pleads the necessary "who, what, when, where and how of [Alfwear's] material representation[s and] omission[s]."[82]

Parties seeking cancellation must show standing and valid grounds for cancelling a third party's mark registration.[83]  The court addresses each element in order.

### A.    Defendants Have Standing to Seek Cancellation of Alfwear's Marks.

"A party may petition the court to cancel another party's trademark registration if he believes he is, or will, be damaged by registration of the mark with the USPTO."[84]  Here, Alfwear has sued Defendants for federal trademark infringement regarding the marks at issue.[85] "[T]he fact that [Alfwear is] seeking to use the trademarks against [Defendants] as a sword shows that [Defendants] ha[ve] a real interest in testing the validity of those trademarks."[86] Indeed, "[n]umerous courts have concluded that being sued for trademark infringement is sufficient injury to confer standing to seek cancellation of a mark."[87]  What is more, Alfwear has

---

[81] Am. Countercl. ¶¶ 38, 46.

[82] Opp'n 14 (citing *Kaszuba v. Iancu*, 823 F. App'x 973, 979 (Fed. Cir. 2020) (unpublished)).

[83] *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 945 (Fed. Cir. 2000).

[84] *Gabb Wireless, Inc. v. Troomi Wireless, Inc.*, No. 2:21-cv-00253, 2023 WL 258548, at *2 (D. Utah Jan. 18, 2023) (citing 15 U.S.C. §§ 1064, 1119).

[85] Am. Compl. ¶¶ 85–104; *see, e.g.*, *Underwood v. Bank of Am. Corp.*, No. 18-cv-02329, 2019 WL 8375952, at *3 (D. Colo. Aug. 16, 2019).

[86] *WM Int'l, Inc. v. Golden Lyon Inv. Co.*, No. CV 20-00995, 2020 WL 6826485, at *2 (C.D. Cal. Nov. 5, 2020).

[87] *Id.* (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013).

not opposed Defendants' standing in this instance.[88]  As a result, Defendants have standing to seek cancellation of Alfwear's marks.

### B.    Defendants Have Not Adequately Pleaded Grounds for Cancellation.

Satisfying the second element—valid reasons for cancellation—depends on when the party registered the mark. If the registration is less than five years old, "any ground that would have prevented registration in the first place is a valid ground for cancellation."[89]  Otherwise, a party must plead statutorily specified grounds.[90]  Here, Defendants plead fraud and abandonment.

#### 1.    Fraud

Defendants contend the court should cancel the registration due to purportedly fraudulent statements. "Fraud in procuring a trademark registration or renewal occurs when an applicant knowingly makes false, material representations of fact in connection with his application."[91]  "A single false statement of material fact, made with a deliberate attempt to mislead the Trademark Office, and which would have affected the Trademark Office's action on a registration, constitutes fraud."[92]  Even so, "[a] court should not lightly undertake cancellation on the basis of fraud, and the burden of proving fraudulent procurement of a registration is heavy[.]"[93]  Courts have "construed [Federal Rule of Civil Procedure 9(b)] to require 'identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed

---

[88] *See* MTD 17–20.
[89] *Gabb Wireless*, 2023 WL 258548, at *2.
[90] *See* 15 U.S.C. § 1064(3) (factors include "if the registered mark becomes the generic name for the goods or services, . . . or is functional, or has been abandoned, or its registration was obtained fraudulently or contrary to the provisions . . . for a registration under this chapter, . . . or if the registered mark is being used by, or with the permission of, the registrant so as to misrepresent the source of the goods or services").
[91] *In re Bose*, 580 F.3d at 1243 (citation omitted).
[92] *Prince Lionheart, Inc. v. Halo Innovations, Inc.*, No. 06-cv-00324, 2007 WL 1346578, at *4 (D. Colo. May 7, 2007).
[93] *Beer Nuts, Inc. v. Clover Club Foods Co.*, 711 F.2d 934, 942 (10th Cir. 1983) (citations omitted).

before the [US]PTO.'"[94]  The pleadings "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the [US]PTO."[95]

The allegedly fraudulent statements concern Alfwear's petition to reinstate the "KÜHL" registration. On September 11, 2021, Alfwear said it "[d]id not receive [the USPTO courtesy] notification as a result of COVID-19."[96]  On April 6, 2022, the Patent Office responded, noting:

> Petitioner has not sufficiently detailed how the COVID-19 outbreak personally impacted petitioner's ability to file a declaration of use or excusable nonuse by the statutory deadline. Therefore, additional information detailing the specific impact the outbreak had on petitioner's business and ability to timely file a declaration is required. Without further explanation, petitioner has failed to establish extraordinary circumstances that would justify a waiver the statutory deadline pursuant to the CARES Act authority.[97]

Replying to the USPTO's request for more information, Alfwear stated on April 7, 2022:

> Covid-19 substantially impacted petitioner's ability to file a declaration of use by the statutory deadline. The impact included practitioner's health resulting from contracting Covid-19 multiple times during the statutory period. The impact included practitioner's inability to access files because of inability to access online files, emails, and docket during the statutory period. The impact included practitioner's and registrant's business cash-flow interruptions resulting from the registrant's retail distributors being closed during the statutory period.[98]

Defendants plausibly allege enough for the court to infer the September 11, 2021 statement was false and meant to deceive. The Patent Office sent the courtesy notice to the same

---

[94] *Kaszuba*, 823 F. App'x at 979 (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009)); *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).
[95] *Exergen*, 575 F.3d at 1328.
[96] Am. Countercl. ¶ 40.
[97] *Id.* ¶ 30.
[98] *Id.* ¶ 43.

email address that Mr. Baker later used to file fifty other patent documents.[99]  Given Mr. Baker's numerous filings, the majority of which concerned Alfwear's mark registrations, it is plausible that Mr. Baker knew his statements were false and he had the intent to deceive.

But Defendants do not plausibly allege enough for the court to infer the first statement's materiality. "[I]n the trademark context, a material misrepresentation arises only if the registration should not have issued if the truth were known to the [USPTO] examiner."[100]  Here, the courtesy notice declared the "[f]ailure . . . to send a reminder or non-receipt of a reminder d[id] not excuse" the mark owner from maintaining its registration."[101]  In other words, there was normally no excuse for a failure to timely renew registration. Regardless, the Patent Office affirmed in its April 15, 2022 notice that Alfwear had not filed within the allotted statutory time but had offered evidence as to how COVID-19 affected the filing pursuant to the CARES Act.[102] Alfwear provided such evidence after the Patent Office asked for an explanation as to how COVID-19 "personally impacted petitioner's ability to file a declaration of use or excusable nonuse by the statutory deadline."[103]  At no point did the Patent Office reference the courtesy notice or Alfwear's September 11, 2021 reply to the notice. While Defendants claim the Director relied on Alfwear's misrepresentations,[104] such a statement is conclusory and not "entitled to the assumption of truth."[105]

---

[99] *Id.* ¶¶ 26, 45(a); *see* Ex. B.
[100] *Cashland Inc. v. Cashland Inc.*, No. 15-800, 2016 WL 6916776, at *12 (W.D. Okla. Jan. 14, 2016) (quoting *San Juan Prod., Inc. v. San Juan Pools of Kan., Inc.*, 849 F.2d 468, 473 (10th Cir. 1988)).
[101] Am. Countercl. ¶ 23 (emphasis removed).
[102] *Id.* ¶ 32.
[103] *Id.* ¶ 30 (emphasis removed).
[104] *Id.* ¶ 44.
[105] *Frey v. Town of Jackson*, 41 F.4th 1223, 1233 (10th Cir. 2022).

The focus then shifts to Alfwear's April 7, 2022 response to the USPTO inquiry letter. In its April 15, 2022 notice, the Patent Office stated Alfwear "provided evidence in the form of a declaration stating that the delay in filing . . . was due to the COVID-19 outbreak."[106]  The letter also noted that "petitioner's attorney declares that he became sick with COVID-19 on multiple occasions and petitioner's business suffered significant losses resulting from its retail distributors being closed during the outbreak."[107]  The question is whether Defendants pleaded enough for the court to plausibly infer Mr. Baker knew his April 7, 2022 statements were material, false, and made with the specific intent to deceive.

Defendants contend Mr. Baker's affirmations were false and misleading because he filed fifty documents with the Patent Office during the relevant eighteen-month period.[108]  They also allege Mr. Baker did not explain why he could not file due to COVID-19, why he could not access documents, or why Alfwear had cash-flow interruptions.[109]  These allegations alone are not enough for the court to reasonably infer falsity, materiality, or specific intent. Without more, the allegation that Mr. Baker filed other patent-related documents does not create a reasonable inference that he misled the Patent Office about COVID-19's effect on *this* particular renewal.

As to the alleged omissions, Defendants do not allege, nor do they offer case law, for the proposition that one commits fraud by not providing a particular level of specificity. And they do not allege how the purported omissions are material. In effect, Defendants rely on the conclusory statement "[i]t was false and misleading" instead of offering specific factual allegations. The plausibility standard is not met.

---

[106] Am. Countercl. ¶ 32.
[107] *Id.*
[108] *Id.* ¶ 45(b).
[109] *Id.* ¶ 45(c)–(e).

### 2. Abandonment

Defendants also allege Alfwear abandoned the KÜHL mark because Alfwear's website purportedly does not show trademark use.[110] "There are two elements to a claim for abandonment: (1) nonuse; and (2) intent not to resume use."[111] For nonuse, "even limited use can be sufficient to avoid a finding that use of a mark has been 'discontinued' under the statute."[112] "Intent not to resume may be inferred from circumstances."[113] And "[n]onuse for three consecutive years establishes a prima facie case of abandonment."[114]

Defendants have not adequately pleaded Alfwear abandoned the KÜHL mark. The Amended Counterclaim merely alleges Alfwear "abandoned use of KÜHL" based on "information and belief."[115] But Defendants allege no facts as to how long the mark lay dormant, when the nonuse took place, or whether Alfwear intended to resume use. Citing one website purportedly showing present nonuse is not enough to state a plausible claim. Such "generalized, threadbare allegations are insufficient to survive a motion to dismiss."[116] For this reason, the court dismisses the second counterclaim.

---

[110] *Id.* ¶ 46 (referencing www.kuhl.com); *see* 15 U.S.C. § 1064(3).
[111] *Tiger Lily*, 35 F.4th at 1360.
[112] *Id.*
[113] 15 U.S.C. § 1127.
[114] *Equitable Nat'l Life Ins. v. AXA Equitable Life Ins.*, 434 F. Supp. 3d 1227, 1241 (D. Utah 2020) (citing *Okla. Beverage Co. v. Dr. Pepper Love Bottling Co.*, 565 F.2d 629, 632 (10th Cir. 1977)).
[115] Am. Countercl. ¶ 46.
[116] *Rohwedder v. Rocky Mountain Pies, LLC*, No. 21-4096, 2021 WL 5458598, at *4 (10th Cir. Nov. 23, 2021) (unpublished).

### III.   Cancellation or Modification of Other Alfwear Marks

For their third counterclaim, Defendants seek cancellation or modification of six related Alfwear registrations.[117]  They have standing for the reasons explained earlier. The question is whether they plead a valid ground for cancelling the registration.

Defendants contend they plead a prima facie case for abandonment. As to each mark, they allege Alfwear "abandoned use in commerce for more than three years with respect to all listed classes of goods for th[e] stylized mark."[118]  In support, they plead that Alfwear's website "does not show trademark use of th[e] mark."[119]  They also plead that in "prior litigation[,]" Alfwear "did not produce documents sufficient to show the required use to obtain and/or maintain one or more of [Alfwear]'s registrations."[120]

A party can establish a prima facie case for abandonment by showing three consecutive years of nonuse.[121]  Defendants allege Alfwear abandoned the marks for three years. But such conclusory allegations do not satisfy the pleading standard.[122]  Specifically, Defendants allege Alfwear's website does not currently show trademark use and that Alfwear did not provide evidence of trademark use in other litigation. Present nonuse, however, is not three years' worth of nonuse. And an averment that Plaintiff did not produce evidence of use in other litigation, with no factual averments about the time period covered by the other litigation or why Alfwear

---

[117] Reg. No. 1,990,375; Reg. No. 4,441,177; Reg. No. 4,777,532; Reg. No. 4,576,372; Reg. No. 2,765,230; Reg. No. 4,468,589.
[118] Am. Countercl. ¶ 50.
[119] *Id.* ¶¶ 50–55.
[120] *Id.* ¶ 56.
[121] *See Equitable Nat'l Life Ins.*, 434 F. Supp. 3d at 1241; *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1248 (9th Cir. 2013) (quotation omitted).
[122] *See Bledsoe*, 53 F.4th at 606 (eliminating "conclusory allegations, mere 'labels and conclusions,' and any 'formulaic recitation of the elements of a cause of action'").

would have been expected to produce evidence of use there, does not make for a prima facie case.

Since Defendants do not sufficiently plead three years of nonuse, they must plausibly allege nonuse and an intent not to resume use.[123] Defendants first allege Alfwear failed to produce evidence to support trademark use in other litigation.[124] Without more, such a claim is conclusory. Yet Defendants also allege Alfwear's website does not show trademark use.[125] While Defendants do not provide specific details, they must assert only enough facts for the court to draw a reasonable inference. The allegation that Alfwear's website does not show trademark use is enough to allege nonuse for pleading purposes.

But Defendants have not alleged an intent not to resume trademark use. In fact, Defendants do not dispute that they failed to do so.[126] They instead rely on their three-year-nonuse allegation to support a prima facie case. Yet as noted above, Defendants have not adequately pleaded nonuse for three years. As such, the Amended Counterclaim does not plausibly state a claim for abandonment and the court dismisses Defendants' third cause of action.

## ORDER

Accordingly, the court GRANTS Plaintiff's Motion to Dismiss.[127] The court DISMISSES without prejudice Defendants' Amended Counterclaim.[128]

---

[123] *Tiger Lily*, 35 F.4th at 1360.
[124] Am. Countercl. ¶ 56.
[125] *Id.* ¶¶ 50–55.
[126] *See* Opp'n 20.
[127] ECF No. 71.
[128] ECF No. 68.

Signed May 5, 2023.

BY THE COURT

 

_____

David Barlow
United States District Judge